[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the Court finds as follows:
The Plaintiff and Defendant, whose maiden name was Warner, intermarried at Wakefield, Rhode Island on July 20, 1984; that the Plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there is one minor child issue of the marriage, Heather Yarhouse, born May 28, 1986; that there were no other minor children born to the Plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably; that there is no hope of reconciliation and that no individual or agency of the State of Connecticut is presently responsible by virtue of judicial award for the support of either party.
The Plaintiff's two children of a previous marriage lived with her and the Defendant. She receives $125.00 per week child support for said children from their father. CT Page 6851
The Plaintiff testified that shortly after the marriage trouble developed between the parties; that there was physical and verbal abuse regarding the children, which became worse as time went on; that Defendant punched Plaintiff in the stomach when she tried to interfere with him while he was involved with her minor child, Debra; that shortly after Heather was born, the parties engaged in counseling but Defendant only attended a few times and argued with the counselor.
Plaintiff left the marital residence May 17, 1996 and moved in with her friends.
The Defendant admitted that he yelled at Plaintiff's children and that he slapped her son when he insulted the Defendant.
The Plaintiff who was born January 11, 1953 is a high school graduate. She suffers from chronic lung disease and suffers from asthma attacks. Although Plaintiff has computer skills, she is presently unemployed. Her last employment was as a cashier at Lyman's Orchards. Previous employments were by Jewish Family Services in New London and at the University of Rhode Island over 20 years ago. She performed secretarial duties in these employments.
It would seem that Plaintiff is in good health, other than her asthma and chronic lung disease. She seems employable.
The Defendant, who was born November 29, 1953, is a high school graduate who appears to be in good health. He has been employed at General Dynamics (Electric Boat) for the past 22 years as an inside machinist and he has a net weekly income of $435.41.
The Plaintiff owns a 1996 Dakota Sport automobile with no equity and a $20,000.00 Prudential insurance policy with a cash value of $600.00.
The Defendant owns a 1993 Toyota with an equity of $6,890.00, bank accounts totalling $340.82 and a $35,000.00 Prudential insurance policy with a cash value of $6,115.00. Since May 13, 1974, Defendant has been a participant in the General Dynamics Retirement program. CT Page 6852
Both parties listed personal property on their respective financial affidavits but with different values.
Plaintiff's financial affidavit discloses that Plaintiff has debts exceeding $20,000.00. The Defendant's financial affidavit discloses Defendant owes over $7,000.00 to People's Bank.
It is evident from the testimony offered that the marriage has broken down irretrievably and that the Defendant was most at fault for the breakdown. Accordingly, a decree dissolving the marriage is awarded to the parties.
After considering the factors in Connecticut General Statutes §§ 46b-62, 46b-81, 46b-82, 46b-84 and other pertinent statutes, the following orders are entered, which the Court deems to be fair and equitable:
1. The custody of the minor child, Heather, is awarded to the Plaintiff with reasonable rights of visitation to the Defendant; namely, every other weekend from Friday at 4:00 p. m. to Sunday at 6:00 p. m.
2. The Defendant shall pay support for said minor child of $77.00 per week by immediate wage execution. If Defendant receives vacation pay, which is not subject to the wage execution, he shall pay said support directly to the Plaintiff.
3. The Defendant shall carry the minor child on his medical and dental insurance as is available through his employment. All unreimbursed medical, dental and other health-related expenses shall be paid equally by the parties.
4. The Defendant shall pay to the Plaintiff $100.00 per week alimony for the first year and $75.00 per week for the next four years. Said alimony shall terminate upon Plaintiff's remarriage, death or cohabitation with an unrelated male, whichever is the first to occur. Further, said alimony is modifiable as to amount but not as to term.
5. The Defendant shall name the minor child, Heather, as irrevocable beneficiary to fifty percent of the Prudential life insurance coverage provided him through his employment. CT Page 6853
6. The Plaintiff shall name the minor child, Heather, as irrevocable beneficiary to one-third of her Prudential life insurance policy.
7. Each party shall own the equity in their respective life insurance policies free of any claim from the other. Also, each party shall execute the necessary authorization to permit the other party to check the status of the policies mentioned in orders 5 and 6 above.
8. There is assigned and vested in the Plaintiff 50 percent of the value of Defendant's pension with General Dynamics which accrued between July 20, 1984 to the date of this decree by way of a Qualified Domestic Relations Order (QDRO).
If Plaintiff predeceases the Defendant, said 50 percent shall revert to the Defendant and he shall be the survivor beneficiary thereof.
The Court shall retain jurisdiction over the QDRO until implemented.
9. The parties shall be equally responsible for all unpaid debts which accrued during the marriage.
10. The Defendant shall pay $1,000.00 towards Plaintiff's attorney's fees.
Vasington, JTR